UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIWANE KOLIAYAH-CHAUNDALE
CANADA,

        Plaintiff,         Case Number 20-10027
                                       Honorable David M. Lawson

v.

THUMB CORRECTIONAL FACILITY,
GINA M., R. HEERING,

        Defendants.
_____/

## OPINION AND ORDER PARTIALLY DISMISSING COMPLAINT

Plaintiff Kiwane Canada, while an inmate at the Thumb Correctional Facility in Lapeer, Michigan, broke his arm while working out in the facility's gym. His requests for medical attention were ignored for a month, and when he was finally seen, his fracture was not healing properly, and he has a permanent defect. Canada alleged these things in a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 against the Thumb Correctional Facility, physician's assistant Gina M., and nurse R. Heering. Canada alleges that the defendants were deliberately indifferent to the plaintiff's serious medical needs.

Before allowing the case to go forward, Congress has directed courts to screen the complaint for colorable merit, since it is a case filed by a prisoner against a state or governmental entity. 28 U.S.C. § 1915A(a). Having done so, the claim against the prison must be dismissed because the state agency is immune from suit under the Eleventh Amendment, but the case against the individual defendants may proceed.

I.

Canada alleges that when he was housed at the Thumb Correctional Facility in July 2019 (he currently is confined at the Oaks Correctional Facility in Manistee, Michigan), he fell while working out at the facility's gym. He complained of arm pain and was provided a sling, ice, and Motrin. Correctional officers called a healthcare worker on Canada's behalf several times, reporting that he was in severe pain and believed he had a fracture.

Canada alleges that the physician's assistant, defendant Gina M., refused to see him. The nurse, defendant R. Heering, told him he was fine and to take the pain medication. Canada says that he was in pain for an entire month before his arm was finally X-rayed and the fracture diagnosed. In addition, the arm did not heal properly, resulting in a "golf ball sized knot" and making the forearm difficult to move.

The plaintiff filed his complaint in this Court and asked it to waive the filing fees.

II.

When, as here, a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, Congress mandated in the Prison Litigation Reform Act (PLRA) that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.")

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

Although a *pro se* litigant's complaint must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199 (2007).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As noted, Canada bases his claims on 42 U.S.C. § 1983, which provides a vehicle for individuals to seek redress in court for violations of rights secured by the Constitution and laws of the United States. To state a claim under that section, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr.*

*Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

A.

Canada has not stated a plausible claim against the Thumb Correctional Facility because the Eleventh Amendment bars suits against a state and its departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The prison is part of the MDOC, a state department, and therefore enjoys Eleventh Amendment immunity. *Sims v. Michigan Dep't of Corr.*, 23 F. App'x 214, 215 (6th Cir. 2001) (citing *Pennhurst,* 465 U.S. at 100). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983," *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332 (1979) ). Moreover, "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'" *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp.*, 987 F.2d at 381). Therefore, Canada's lawsuit cannot proceed against the Thumb Correctional Facility.

B.

The individual defendants, sued in their individual capacities, do not enjoy Eleventh Amendment immunity. Instead, Canada contends that they deliberately denied his medical care. It is well known that the State "has an 'obligation to provide medical care for those whom it is punishing by incarceration.'" *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "[T]he treatment a prisoner receives in prison and

the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

A constitutional claim for the deprivation of adequate medical care "has two components, one objective and one subjective." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). The objective component requires a plaintiff to show the existence of a "sufficiently serious" medical need. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

To establish a serious need for medical care, "*Farmer* requires only that 'the inmate show that he is incarcerated under conditions posing a substantial risk of serious harm[,]' so as to avoid 'the unnecessary and wanton infliction of pain.'" *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 896 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834). A serious medical need may be demonstrated by a physician's diagnosis mandating treatment or a condition that "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 897 (citations omitted).

Establishing the second, subjective, component "requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Dominguez*, 555 F.3d at 550 (quoting *Comstock*, 273 F.3d at 703). Deliberate indifference requires "more than negligence or the misdiagnosis of an ailment." *Comstock*, 273 F.3d at 703 (citations omitted). Courts evaluating such a claim "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)).

In this case, Canada alleges that he suffered a fall, causing a traumatic impact to his arm, followed by severe pain. He told others that he thought he broke his arm, and prison officials apparently took him seriously enough to call for medical help. Based on those allegations, it is reasonable to infer that "[a] reasonable physician or lay person would have recognized the need for prompt treatment." *Gray v. Dorning*, 202 F.3d 268 (6th Cir. 1999) (Table). Canada's complaint contains sufficient facts to satisfy the objective component of his Eighth Amendment deliberate indifference claim. It is not clear why the physician's assistant and the nurse ignored Canada's pleas for medical attention. But ignore it they did, and "[w]hen prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, their conduct in causing the delay creates the constitutional infirmity. In such cases, the effect of the delay goes to the extent of the injury, not the existence of a serious medical condition." *Blackmore*, 390 F.3d at 899. That establishes the subjective component.

III.

The plaintiff's claim against the Thumb Correctional Facility is barred by the Eleventh Amendment, but his claims against defendants Gina M. and R. Heering brought under 42 U.S.C. § 1983 are viable.

Accordingly, it is **ORDERED** that the plaintiff's claims against the Thumb Correctional Facility are **DISMISSED WITH PREJUDICE**. The claims against defendants Gina M. and R. Heering may proceed.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: April 3, 2020