UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIWANE KOLIAYAH-CHAUND CANADA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>GINA M.,<br><br>　　　　　　　　　Defendant. | Case No. 20-cv-10027<br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 26)**

## I.   Introduction

Plaintiff Kiwane Canada, a prisoner of the Michigan Department of Corrections (MDOC), sues physician assistant Gina Courtier for deliberate indifference in violation of the Eighth Amendment for allegedly denying Canada adequate treatment for his fractured forearm.  ECF No. 1, PageID.4-8.  The Honorable David M. Lawson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 27.

Courtier moves for summary judgment for failure to exhaust remedies.  ECF No. 26.  For the reasons below, the Court **RECOMMENDS** that Courtier's motion be **GRANTED**.

## II. Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit

challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison. *Woodford*, 548 U.S. at 93-94. But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (internal quotation marks omitted). Summary judgment based on failure to

exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

Canada has failed to exhaust his administrative remedies.

MDOC Policy Directive 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances. ECF No. 19-2. The policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue, and then, within five days of those informal efforts, file with the grievance coordinator a Step I grievance about any unresolved issues. *Id.* at PageID.82-83, ¶¶ Q, W. The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due. *Id.* at PageID.84, ¶ DD. The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no response was received, within ten business days after the date the response was due. *Id.* at PageID.85, ¶ HH. Prisoners must appeal their

grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

Courtier submits a certified grievance report showing that there is no record of Canada filing a grievance from January 2013 to the present. ECF No. 19-1, PageID.78. In response, Canada submits a barebones affidavit stating that he filed "timely" at Step I through Step III. ECF No. 30, PageID.133. His affidavit provides no details about when he filed his grievance or appeals or how his grievances were resolved.[1]  *Id.*  Canada's "conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment." *Stine v. State Farm Fire & Cas. Co.*, 428 F. App'x 549, 550 (6th Cir. 2011); *see also Belser v. James*, No. 16-2578, 2017 WL 5479595, at *2 (6th Cir. June 6, 2017) ("Belser's generalized statements are insufficient to create a genuine dispute of material fact as to whether the administrative process was available to him at MBP."); *Bey v. Luoma*, No. 2:06-cv-243, 2010 WL

---

[1] Canada filed a sur-reply without leave of court, ECF No. 33, which was improper. *See Sutherland v. Warren*, No. 18-13568, 2022 WL 806614, at *1 (E.D. Mich. Feb. 16, 2022), *adopted,* 2022 WL 806589 (E.D. Mich. Mar. 15, 2022). And even if the Court considered the sur-reply, it would not change the recommendation to grant the motion for summary judgment. Canada claims in his sur-reply that the prison failed to respond at Steps II and III, but in contradiction, his affidavit said that he appealed the prison's Step II "findings." ECF No. 30; ECF No. 33, PageID.147. And Canada's sur-reply does not cure the conclusory nature of his affidavit.

5

889995, at *1 (W.D. Mich. Mar. 10, 2010) (plaintiff's affidavit was insufficient because, among other reasons, it did not describe how the grievance was resolved).

And Canada claims neither in his affidavit nor response brief that he attempted to resolve the issue with Courtier before filing his Step I grievance or that he was prevented from doing so. ECF No. 29, PageID.127. A prisoner who does not try to resolve the issue with the staff member involved before filing a grievance has failed to exhaust his administrative remedies. *Lyles v. Papendick*, No. 19-10673, 2020 WL 6390494, at *8 (E.D. Mich. May 8, 2020), *adopted*, 2020 WL 5557649 (E.D. Mich. Sept. 17, 2020).

Canada has failed to show that he exhausted his remedies.

### III.    Conclusion

The Court **RECOMMENDS** that Courtier's motion for summary judgment (ECF No. 26) be **GRANTED** and that Canada's complaint be **DISMISSED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: May 4, 2022

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 4, 2022.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager